Rutberg, J.
This matter comes before us[3] appealing the entry of certain findings by the trial judge (Koenigs, J.) entered pursuant to a letter that was sent ex parte from the pro se defendant which the court apparently treated as a motion to amend its previously entered judgment. We agree that the trial judge did not have the jurisdiction or the authority to make the order which gives rise to this appeal; and, we remand this case to the trial court with instructions to vacate so much of the order of the court dated July 28,1998, which states: “Court has found that the 1991 Ford Tempo never belonged to the plaintiff.”
The trial of this matter was conducted on May 5,1998 and the court entered a money judgment on that date. In a timely manner, plaintiff moved to amend the amount of the monetary judgment, which motion was allowed on May 14, 1998 and an amended judgment was entered on that date. Thereafter, execution was issued on May 26, 1998, but on June 23, 1998, the court received a letter that defendant wrote directly to the trial judge wherein she was asked to “... make a determination as to the ownership of the 1991 Ford Tempo.” On July 28,1998, the court issued an order which stated, inter alia, that it “... has found that the 1991 Ford Tempo never belonged to the plaintiff.”
In ruling as we do, we agree with appellant's contention that even if the trial judge considered defendant's letter to be a motion to amend the judgment, the time for filing such a motion had long since passed. M.R.C.P. Rules 52(b) and 59(e). The quoted rules allow a court to amend its judgment upon a motion made within ten days of entry of judgment; in this case, defendant's letter was sent forty-two days after entry of judgment. Additionally, the determination which the court made regarding the ownership of the car in question is essentially an equitable one which exceeds the jurisdiction of the district court. G.L.c. 214, §1. By remanding this case, we make no determination as to ownership of the Ford Tempo, as it exceeds our jurisdiction as well.
This matter is remanded to the clerk of the Northampton District Court for further proceedings consistent with this opinion.

 Gelinas, J., participated on this panel; however, he joined the Appeals Court before this Decision was certified.